Charles H. Chevalier
Michael V. Caracappa
Magnolia S. Joodi
**FBT Gibbons LLP**
One Gateway Center
Newark, New Jersey 07102-5310
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Plaintiffs Xeris
Pharmaceuticals, Inc. and Strongbridge
Dublin Limited*

OF COUNSEL:

David P. Frazier
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Shelby C. Yuan
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7606

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XERIS PHARMACEUTICALS, INC., AND STRONGBRIDGE DUBLIN LIMITED, <br><br> Plaintiffs, <br> v. <br><br> SANDOZ INC., SANDOZ PRIVATE LIMITED, SANDOZ GMBH, SANDOZ INTERNATIONAL GMBH, ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS PHARMACEUTICALS (USA) INC., AND ZYDUS LIFESCIENCES LIMITED, <br><br> Defendants. | Civil Action No. 26-2929 <br><br> **<u>COMPLAINT</u>** |

Plaintiffs Xeris Pharmaceuticals, Inc. ("Xeris") and Strongbridge Dublin Limited

("Strongbridge") (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action

against Defendants Sandoz Inc., Sandoz Private Limited, Sandoz GmbH, and Sandoz International

1

GmbH (collectively, the "Sandoz Defendants") and Zydus Lifesciences Global FZE, Zydus Pharmaceuticals (USA) Inc., and Zydus Lifesciences Limited (collectively, the "Zydus Defendants"), and hereby allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271(e)(2).  This action arises from the Sandoz Defendants' submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, market, and sell generic versions of Plaintiffs' highly successful pharmaceutical product, RECORLEV®, prior to the expiration of Plaintiffs' U.S. Patent Nos. 11,020,393 (the "'393 Patent"); 11,278,547 (the "'547 Patent"); 11,903,940 (the "'940 Patent"); and 12,377,096 (the "'096 Patent") (collectively, the "Asserted Patents").

## RECORLEV®

2.      RECORLEV® (levoketoconazole) is a groundbreaking oral cortisol synthesis inhibitor that represents an important therapeutic advance for the treatment of endogenous hypercortisolemia in adult patients with Cushing's syndrome for whom surgery is not an option or has not been curative.

3.      Cushing's syndrome is a rare and serious endocrine disorder caused by chronic elevated cortisol exposure.  The disease's multisystem complications are potentially life-threatening, including metabolic changes, high blood pressure, tissue fragility, and psychological disturbances.  Normalization of cortisol levels is the first and most important clinical objective in treating the disease.

4.      RECORLEV® was developed through the innovative work of scientists at Strongbridge Biopharma plc (then known as Cortendo AB) who recognized the need for a targeted cortisol synthesis inhibitor.  Strongbridge scientists discovered that levoketoconazole, the 2S,4R enantiomer of ketoconazole (chemical name: 2S,4R cis-1-acetyl-4-[4-[[2-(2,4-dichlorophenyl)-2-(1H-imidazol-1-ylmethyl)-1,3-dioxolan-4-yl] methoxyl]phenyl] piperazine), potently inhibits key enzymes involved in cortisol biosynthesis.  This inventive insight led to the development of RECORLEV® as a purified, single-enantiomer drug specifically optimized for treating Cushing's syndrome.  By targeting cortisol synthesis directly, RECORLEV® addresses the underlying pathophysiology of the disease—the first drug to do so.

5.      In October 2021, Xeris Pharmaceuticals, Inc. acquired Strongbridge Biopharma plc, thereby acquiring RECORLEV® and all associated intellectual property rights, including the Asserted Patents.  Through this acquisition, Plaintiffs assumed and continued Strongbridge's legacy of research in unique therapies for overlooked patient populations that have critical impacts on people's lives.

6.      On December 30, 2021, FDA approved New Drug Application ("NDA") No. 214133 for RECORLEV®.  FDA granted RECORLEV® orphan drug exclusivity, recognizing the critical unmet medical need for effective therapies for patients with Cushing's syndrome.  Xeris markets RECORLEV® (levoketoconazole) in the United States pursuant to the RECORLEV® NDA and Plaintiffs continue to invest in its clinical development.

## PARTIES

7.      Plaintiff Xeris is a corporation organized and existing under the laws of the State of Delaware, with its corporate offices and principal place of business at 1375 W. Fulton St., Suite

3

1300, Chicago, Illinois 60607. Xeris discovers, develops, manufactures, and markets innovative pharmaceutical products to improve patient lives.

8.     Xeris is the assignee and owner of the Asserted Patents.

9.     Plaintiff Strongbridge is a private limited company organized and existing under the laws of Ireland, with a principal place of business at 25-28 North Wall Quay, Dublin 1, Ireland.

10.    Strongbridge is the exclusive licensee of the Asserted Patents and holds NDA No. 214133 for RECORLEV®.

*Sandoz*

11.    On information and belief, Defendant Sandoz Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 100 College Road West, Princeton, New Jersey 08540. On information and belief, Sandoz Inc. holds (or will hold) any intellectual property rights and marketing authorizations for the Sandoz Defendants' generic levoketoconazole oral tablets.

12.    On information and belief, Defendant Sandoz Private Limited ("Sandoz Private") is a private limited company organized and existing under the laws of India, having its principal place of business at Plot No. 8-A/2 and 8-B, TTC Industrial Area Kalwe Block, Village Dighe, Navi Mumbai, Maharashtra 400 708, India. On information and belief, Sandoz Private plays a crucial role in the production and supply of the Sandoz Defendants' generic drug products.

13.    On information and belief, Defendant Sandoz GmbH is a corporation organized and existing under the laws of Austria, having its principal place of business at Biochemiestrasse 10, Kundl, Tyrol A-6250, Austria. On information and belief, Sandoz GmbH plays a crucial role in the production and supply of the Sandoz Defendants' generic drug products.

4

14.     On information and belief, Defendant Sandoz International GmbH ("Sandoz International") is a corporation organized and existing under the laws of Germany, having its principal place of business at Industriestraße 18, 83607 Holzkirchen, Germany.  On information and belief, Sandoz International plays a crucial role in the production and supply of the Sandoz Defendants' generic drug products.

15.     On information and belief, the Sandoz Defendants collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic drug products for sale in the United States, including in New Jersey.  On further information and belief, the Sandoz Defendants are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

16.     On information and belief, the Sandoz Defendants are in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, importing, and distributing generic copies of branded pharmaceutical products, throughout the United States, including in New Jersey.

17.     On information and belief, Sandoz Inc., in collaboration with the other Sandoz Defendants, caused ANDA No. 220804 to be submitted to FDA and seeks FDA approval of ANDA No. 220804.

18.     On information and belief, the Sandoz Defendants acted collaboratively in preparing and submitting ANDA No. 220804 and continue to act collaboratively in pursuing FDA approval of ANDA No. 220804 and seeking to market the Sandoz ANDA Product (defined below) in the United States, including in the State of New Jersey.

19.     On information and belief, the Sandoz Defendants intend to commercially manufacture, market, offer for sale, and sell the Sandoz ANDA Product throughout the United States, including in the State of New Jersey, in the event FDA approves ANDA No. 220804.

20.     On information and belief, the Sandoz Defendants rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of New Jersey.  On information and belief, the Sandoz Defendants intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the Sandoz ANDA Product, in the event FDA approves ANDA No. 220804.

## *Zydus*

21.     On information and belief, Defendant Zydus Lifesciences Global FZE ("Zydus Global") is a corporation organized and existing under the laws of the United Arab Emirates, having its principal place of business at Fzjo B2601, Jebel Ali Free Zone Dubai, Dubai, United Arab Emirates.  On information and belief, Zydus Global is a wholly owned subsidiary of Defendant Zydus Lifesciences Limited.  On further information and belief, Zydus Global holds (or will hold) any intellectual property rights and marketing authorizations for the Zydus Defendants' generic levoketoconazole oral tablets.

22.     On information and belief, Defendant Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.  On information and belief, Zydus USA is a wholly owned subsidiary of Defendant Zydus Lifesciences Limited.  On information and belief, Zydus USA is the U.S. Agent for Zydus Global and is in the business of, among other things, selling and distributing generic versions of branded pharmaceutical products for the United States market, including in this judicial district.

6

23. On information and belief, Defendant Zydus Lifesciences Limited ("Zydus Limited") is a limited corporation organized and existing under the laws of India, having its principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382481, India. On information and belief, Zydus Limited plays a crucial role in the research, development, manufacture, production, and supply of the Zydus Defendants' generic drug products.

24. On information and belief, the Zydus Defendants are in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, importing, and distributing generic copies of branded pharmaceutical products, throughout the United States, including in New Jersey.

25. On information and belief, Zydus Global, in collaboration with Zydus USA and Zydus Limited, caused ANDA No. 220935 to be submitted to FDA and seeks FDA approval of ANDA No. 220935.

26. On information and belief, the Zydus Defendants acted collaboratively in preparing and submitting ANDA No. 220935 and continue to act collaboratively in pursuing FDA approval of ANDA No. 220935 and seeking to market the Zydus ANDA Product (defined below).

27. On information and belief, the Zydus Defendants intend to commercially manufacture, market, offer for sale, and sell the Zydus ANDA Product throughout the United States, including in the State of New Jersey, in the event FDA approves ANDA No. 220935.

28. On information and belief, the Zydus Defendants rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of New Jersey. On information and belief, the Zydus Defendants intend to

act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the Zydus ANDA Product, in the event FDA approves ANDA No. 220935.

## JURISDICTION AND VENUE

29.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

### *Sandoz*

30.    This Court has personal jurisdiction over Sandoz Inc. because Sandoz Inc. has its principal place of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100097265.  Sandoz Inc. has thus consented to personal jurisdiction in New Jersey.

31.    This Court has personal jurisdiction over Sandoz Private, Sandoz GmbH and Sandoz International because, *inter alia*, on information and belief, Sandoz Private, Sandoz GmbH, and Sandoz International have continuous and systematic contacts with the State of New Jersey, regularly conduct business in the State of New Jersey, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos, have purposefully availed themselves of the privilege of doing business in the State of New Jersey, and intend to sell the Sandoz ANDA Product in the State of New Jersey upon approval of ANDA No. 220804.

32.    In the alternative, this Court has personal jurisdiction over Sandoz Private, Sandoz GmbH, and Sandoz International in the State of New Jersey under Federal Rule of Civil Procedure 4(k)(2) because Sandoz Private, Sandoz GmbH, and Sandoz International are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction over them is consistent with the United States Constitution and laws.

33.     On information and belief, the Sandoz Defendants are in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which the Sandoz Defendants manufacture, distribute, market, and/or sell throughout the United States and in this judicial district.

34.     On information and belief, the Sandoz Defendants are licensed to sell generic and proprietary pharmaceutical products in the State of New Jersey, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

35.     The Sandoz Defendants have committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and market RECORLEV® for sale and use throughout the United States, including in this judicial district.  On information and belief and as indicated by letters dated February 26, 2026 and March 2, 2026, sent by Sandoz Inc. to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B), the Sandoz Defendants prepared and filed Sandoz's ANDA with the intention of seeking to market the Sandoz ANDA Product nationwide, including within this judicial district.

36.     On information and belief, the Sandoz Defendants plan to sell the Sandoz ANDA Product in the State of New Jersey, list the Sandoz ANDA Product on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursements for sales of the Sandoz ANDA Product in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

9

37.     On information and belief, the Sandoz Defendants derive substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and in the State of New Jersey.

38.     On information and belief, the Sandoz Defendants know and intend that the Sandoz ANDA Product will be distributed and sold in the State of New Jersey and will thereby displace sales of RECORLEV®, causing injury to Plaintiffs.  The Sandoz Defendants intend to take advantage of their established channels of distribution in the State of New Jersey for the sale of the Sandoz ANDA Product.

39.     On information and belief, Sandoz Inc., with the aid of Sandoz Private, Sandoz GmbH and Sandoz International, filed the ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sandoz Defendants' generic levoketoconazole oral tablets in the United States, including in the State of New Jersey.

40.     On information and belief, Sandoz Inc. regularly invokes the jurisdiction of the courts of this judicial district by pleading claims and counterclaims in pharmaceutical patent infringement actions in this District.  *See, e.g.*, *Bausch & Lomb Inc. v. Sandoz Inc.*, C.A. No. 25-1167, ECF No. 25 (D.N.J. June 13, 2025); *Amneal Pharms. LLC v. Sandoz Inc.*, C.A. No. 25-17384, ECF No. 12 (D.N.J. Feb. 12, 2026).  On further information and belief, Sandoz Private, Sandoz GmbH, and Sandoz International have also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district.  *See, e.g.*, *Amgen Inc. v. Sandoz, Inc. et al.*, C.A. No. 23-2406, ECF No. 132 (D.N.J. Aug. 25, 2023); *Otsuka Pharma Co. v. Sandoz Inc., et al.*, C.A. No. 15-1716, ECF No. 54 (D.N.J. Apr. 13, 2015).

41.     For at least the above reasons, it would not be unfair or unreasonable for the Sandoz Defendants to litigate this action in this District, and the Sandoz Defendants are subject to personal jurisdiction in this District.

42.     Venue is proper in this District under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

43.     Venue is proper at least because on information and belief, the Sandoz Defendants submitted ANDA No. 220804 from their Princeton, New Jersey place of business and therefore the Sandoz Defendants have committed acts of infringement and have a regular and established place of business in New Jersey for the purposes of venue.

44.     Venue is proper against Sandoz Inc. because, *inter alia*, it maintains a regular and established place of business in this District and has committed an act of infringement in this District.

45.     Venue is proper against Sandoz Private, Sandoz GmbH, and Sandoz International, foreign corporations, in any judicial district that has personal jurisdiction, including this District.

<em>Zydus</em>

46.     This Court has personal jurisdiction over Zydus USA because Zydus USA has its principal place of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100915422.  Zydus USA has thus consented to personal jurisdiction in New Jersey.

47.     This Court has personal jurisdiction over Zydus Global and Zydus Limited because, *inter alia*, on information and belief, Zydus Global and Zydus Limited have continuous and systematic contacts with the State of New Jersey, regularly conduct business in the State of New Jersey, either directly or through one or more of their wholly owned subsidiaries, agents, and/or

alter egos, have purposefully availed themselves of the privilege of doing business in the State of New Jersey, and intend to sell the Zydus ANDA Product in the State of New Jersey upon approval of ANDA No. 220935.

48.    In the alternative, this Court has personal jurisdiction over Zydus Global and Zydus Limited in the State of New Jersey under Federal Rule of Civil Procedure 4(k)(2) because Zydus Global and Zydus Limited are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction over them is consistent with the United States Constitution and laws.

49.    On information and belief, the Zydus Defendants are in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which the Zydus Defendants manufacture, distribute, market, and/or sell throughout the United States and in this judicial district.

50.    On information and belief, the Zydus Defendants are licensed to sell generic and proprietary pharmaceutical products in the State of New Jersey, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

51.    The Zydus Defendants have committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and market RECORLEV® for sale and use throughout the United States, including in this judicial district.  On information and belief and as indicated by a letter dated March 3, 2026, sent by Zydus USA to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B), the Zydus Defendants prepared and filed Zydus's ANDA with the intention of seeking to market the Zydus ANDA Product nationwide, including within this judicial district.

12

52.     On information and belief, the Zydus Defendants plan to sell the Zydus ANDA Product in the State of New Jersey, list the Zydus ANDA Product on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursements for sales of the Zydus ANDA Product in the State of New Jersey, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

53.     On information and belief, the Zydus Defendants derive substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and in the State of New Jersey.

54.     On information and belief, the Zydus Defendants know and intend that the Zydus ANDA Product will be distributed and sold in the State of New Jersey and will thereby displace sales of RECORLEV®, causing injury to Plaintiffs.  The Zydus Defendants intend to take advantage of their established channels of distribution in the State of New Jersey for the sale of the Zydus ANDA Product.

55.     On information and belief, Zydus Global, with the aid of Zydus USA and Zydus Limited, filed the ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus Defendants' generic levoketoconazole oral tablets in the United States, including in the State of New Jersey.

56.      On information and belief, the Zydus Defendants regularly invoke the jurisdiction of the courts of this judicial district by pleading claims and counterclaims in pharmaceutical patent infringement actions in this district.  *See, e.g.*, *Supernus Pharmas., Inc. v. Zydus Lifesciences Global FZE, et al.*, C.A. No. 25-12188, ECF No. 14 (D.N.J. Sept. 22, 2025); *Jazz Pharmas Ireland v. Zydus Lifesciences Global FZE, et al.*, C.A. No. 24-9110, ECF No. 52 (D.N.J. Dec. 16, 2024).

On further information and belief, the Zydus Defendants have also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district.

57.     For at least the above reasons, it would not be unfair or unreasonable for the Zydus Defendants to litigate this action in this District, and the Zydus Defendants are subject to personal jurisdiction in this District.

58.     Venue is proper in this District under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

59.     Venue is proper at least because on information and belief, the Zydus Defendants submitted ANDA No. 220935 from their Pennington, New Jersey place of business and therefore the Zydus Defendants have committed acts of infringement and have a regular and established place of business in New Jersey for the purposes of venue.

60.     Venue is proper against Zydus USA because, *inter alia*, it maintains a regular and established place of business in this District and has committed an act of infringement in this District.

61.     Venue is proper against Zydus Global and Zydus Limited, foreign corporations, in any judicial district that has personal jurisdiction, including this District.

**THE ASSERTED PATENTS**

62.     On June 1, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '393 Patent entitled "Methods of Treating Disease With Levoketoconazole." A true and correct copy of the '393 Patent is attached as **Exhibit A**. The '393 Patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for RECORLEV® (levoketoconazole).  Plaintiffs own all rights, title, and interest in and to the '393 Patent.  There is an actual case or controversy

between the parties regarding the Sandoz Defendants' and the Zydus Defendants' liability for their infringement of the '393 Patent.

63.    On March 22, 2022, the USPTO duly and legally issued the '547 Patent entitled "Methods of Treating Disease With Levoketoconazole." A true and correct copy of the '547 Patent is attached as **Exhibit B**. The '547 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole). Plaintiffs own all rights, title, and interest in and to the '547 Patent. There is an actual case or controversy between the parties regarding the Sandoz Defendants' and the Zydus Defendants' liability for their infringement of the '547 Patent.

64.    On February 20, 2024, the USPTO duly and legally issued the '940 Patent entitled "Methods of Treating Disease With Levoketoconazole." A true and correct copy of the '940 Patent is attached as **Exhibit C**. The '940 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole). Plaintiffs own all rights, title, and interest in and to the '940 Patent. There is an actual case or controversy between the parties regarding the Sandoz Defendants' and the Zydus Defendants' liability for their infringement of the '940 Patent.

65.    On August 5, 2025, the USPTO duly and legally issued the '096 Patent entitled "Methods of Treating Disease With Levoketoconazole." A true and correct copy of the '096 Patent is attached as **Exhibit D**. The '096 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole). Plaintiffs own all rights, title, and interest in and to the '096 Patent. There is an actual case or controversy between the parties regarding the Sandoz Defendants' and the Zydus Defendants' liability for their infringement of the '096 Patent.

**SANDOZ'S ANDA NO. 220804**

66.    The Sandoz Defendants have submitted ANDA No. 220804 ("Sandoz's ANDA") which seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or

15

importation into the United States of a purported generic version of RECORLEV®

(levoketoconazole) 150 mg tablets (the "Sandoz ANDA Product") prior to the expiration of the

Asserted Patents.

67.     On information and belief, FDA has not approved Sandoz's ANDA.

68.     Sandoz Inc. sent Plaintiffs Notice Letters dated February 26, 2026 and March 2,

2026.  Xeris received the Notice Letters on February 27, 2026 and March 3, 2026, respectively.

Sandoz Inc.'s Notice Letters represented that Sandoz Inc. had submitted to FDA Sandoz's ANDA

and a purported Paragraph IV certification with respect to the '393, '547, '940, and '096 Patents,

which are listed in the Orange Book for RECORLEV®.  Sandoz Inc.'s Notice Letters did not

represent that Sandoz Inc. submitted a Paragraph IV certification for U.S. Patent No. 9,918,984

(the "'984 Patent"), which is listed in the Orange Book for RECORLEV®.  Accordingly, on

information and belief, Sandoz Inc. submitted a Paragraph III certification for the '984 Patent.

69.     According to applicable regulations, Notice Letters such as Sandoz Inc.'s must

contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent

is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing

"for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the

claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full

and detailed explanation of the grounds supporting the allegation."  *See* 21 C.F.R. § 314.95(c)(7);

*see also* 21 C.F.R. § 314.52.

70.     On information and belief, if FDA approves Sandoz's ANDA, the Sandoz

Defendants will manufacture, offer for sale, or sell the Sandoz ANDA Product, within the United

States, including within the State of New Jersey, or will import the Sandoz ANDA Product into

the United States, including the State of New Jersey.  The manufacture, use, offer for sale, sale, or

importation of the Sandoz ANDA Product will directly infringe the Asserted Patents, either literally or under the doctrine of equivalents, and the Sandoz Defendants will actively induce and/or contribute to the infringement of those patents.

71.     This action is being brought within forty-five days of Plaintiffs' receipt of Sandoz Inc.'s Notice Letters.  Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and 21 U.S.C. § 355(j)(5)(F)(ii) until June 30, 2029, due to RECORLEV®'s New Chemical Entity status.

72.     On information and belief, the Sandoz Defendants were aware of the Asserted Patents when they filed Sandoz's ANDA with a Paragraph IV Certification.

73.     Levoketoconazole is the active ingredient in the Sandoz ANDA Product and the Sandoz ANDA Product is levoketoconazole tablets, oral, 150 mg per tablet.

74.     On information and belief, Sandoz's ANDA refers to and relies upon the RECORLEV® NDA and contains data that, according to the Sandoz Defendants, demonstrates bioequivalence of the Sandoz ANDA Product and RECORLEV® (levoketoconazole), *see* 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7), or the Sandoz Defendants have sought a waiver of the requirement to demonstrate bioequivalence of the Sandoz ANDA Product and RECORLEV® (levoketoconazole).

75.     On information and belief, the Sandoz Defendants intend to have healthcare providers use the Sandoz ANDA Product, if approved, as set forth in the Sandoz ANDA Product label.  On information and belief, the Sandoz ANDA Product label will instruct healthcare providers to prescribe the Sandoz ANDA Product in the manner set forth in the Sandoz ANDA Product label.

**ZYDUS'S ANDA NO. 220935**

17

76.     The Zydus Defendants have submitted ANDA No. 220935 ("Zydus's ANDA") which seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of a purported generic version of RECORLEV® (levoketoconazole) 150 mg tablets (the "Zydus ANDA Product") prior to the expiration of the Asserted Patents.

77.     On information and belief, FDA has not approved Zydus's ANDA.

78.     Zydus USA sent Plaintiffs a Notice Letter dated March 3, 2026.  Plaintiffs received the Notice Letter on March 4, 2026.  Zydus USA's Notice Letter represented that Zydus Global had submitted to FDA Zydus's ANDA and a purported Paragraph IV certification with respect to the '393, '547, '940, and '096 Patents, which are listed in the Orange Book for RECORLEV®. Zydus USA's Notice Letter did not represent that Zydus Global submitted a Paragraph IV certification for the '984 Patent, which is listed in the Orange Book for RECORLEV®. Accordingly, on information and belief, Zydus Global submitted a Paragraph III certification for the '984 Patent.

79.     According to applicable regulations, Notice Letters such as Zydus USA's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."  *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

80.     On information and belief, if FDA approves Zydus's ANDA, the Zydus Defendants will manufacture, offer for sale, or sell the Zydus ANDA Product, within the United States,

including within the State of New Jersey, or will import the Zydus ANDA Product into the United States, including the State of New Jersey.  The manufacture, use, offer for sale, sale, or importation of the Zydus ANDA Product will directly infringe the Asserted Patents, either literally or under the doctrine of equivalents, and the Zydus Defendants will actively induce and/or contribute to the infringement of those patents.

81.    This action is being brought within forty-five days of Plaintiffs' receipt of Zydus USA's Notice Letter.  Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and 21 U.S.C. § 355(j)(5)(F)(ii) until June 30, 2029, due to RECORLEV®'s New Chemical Entity status.

82.    On information and belief, the Zydus Defendants were aware of the Asserted Patents when they filed Zydus's ANDA with a Paragraph IV Certification.

83.    Levoketoconazole is the active ingredient in the Zydus ANDA Product and the Zydus ANDA Product is levoketoconazole tablets, oral, 150 mg per tablet.

84.    On information and belief, Zydus's ANDA refers to and relies upon the RECORLEV® NDA and contains data that, according to the Zydus Defendants, demonstrates bioequivalence of the Zydus ANDA Product and RECORLEV® (levoketoconazole), *see* 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7), or the Zydus Defendants have sought a waiver of the requirement to demonstrate bioequivalence of the Zydus ANDA Product and RECORLEV® (levoketoconazole).

85.    On information and belief, the Zydus Defendants intend to have healthcare providers use the Zydus ANDA Product, if approved, as set forth in the Zydus ANDA Product label.  On information and belief, the Zydus ANDA Product label will instruct healthcare providers to prescribe the Zydus ANDA Product in the manner set forth in the label.

## COUNT I — INFRINGEMENT OF THE '393 PATENT BY SANDOZ

86.    Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

87.    Claim 1 of the '393 Patent recites the following:

A method of treating persistent or recurrent Cushing's syndrome in a subject in need thereof, wherein the subject also has type 2 diabetes mellitus and is being co-administered metformin, or a pharmaceutically acceptable salt thereof, to improve glycemic control, comprising:
  administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, is determined via a titration scheme,
  during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event wherein the dose limiting event is a decreased fasting glucose level abnormal kidney function, and/or a low Vitamin B-12 level; and
  wherein if the subject does not tolerate the increased dose, the dose for the patient is equal to the difference between the further increased dose and the incremental value for the last cycle repetition.

88.    On information and belief, the Sandoz ANDA Product is covered by one or more claims of the '393 Patent, including at least claim 1, because the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling involves treating persistent or recurrent Cushing's syndrome in adult patients who also have type 2 diabetes mellitus and are being co-administered metformin to improve glycemic control, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

89.    On information and belief, the use of the Sandoz ANDA Product in accordance with the Sandoz ANDA Product proposed labeling involves the co-administration of metformin to

20

patients with Cushing's syndrome who also have type 2 diabetes mellitus. On information and belief, the Sandoz ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Sandoz ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Sandoz ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '393 Patent, and will therefore directly infringe those patents when they prescribe the Sandoz ANDA Product in accordance with the Sandoz ANDA Product proposed labeling.

90.    On information and belief, the Sandoz Defendants intend to sell the Sandoz ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '393 Patent.

91.    On information and belief, the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling will infringe at least claim 1 of the '393 Patent, either literally or under the doctrine of equivalents.

21

92.     On information and belief, the Sandoz Defendants submitted as part of Sandoz's ANDA a Paragraph IV Certification, asserting that the claims of the '393 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Sandoz ANDA Product.

93.     Sandoz Inc. did not contend or make noninfringement arguments for each claim in its Notice Letters that the Sandoz ANDA Product, or the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling would not infringe the claims of the '393 Patent.

94.     The purpose of submitting Sandoz's ANDA to FDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product prior to the expiration of the '393 Patent.

95.     The Sandoz Defendants' submission of Sandoz's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Sandoz ANDA Product prior to the expiration of the '393 Patent was an act of infringement of the '393 Patent under 35 U.S.C. § 271(e)(2)(A).

96.     On information and belief, the Sandoz Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Sandoz ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '393 Patent.

97.     On information and belief, the Sandoz Defendants have knowledge of the '393 Patent at least because the '393 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product.  Notwithstanding this knowledge, the Sandoz Defendants

continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

98. The Sandoz Defendants had actual and constructive notice of the '393 Patent prior to submitting Sandoz's ANDA, and were aware that the submissions of Sandoz's ANDA with the request for FDA approval prior to the expiration of the '393 Patent would constitute an act of infringement of the '393 Patent.

99. On information and belief, the Sandoz Defendants plan and intend to, and will, actively induce infringement of the '393 Patent when Sandoz's ANDA and any amendments thereto are approved by selling the Sandoz ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '393 Patent, and will do so with specific intent to induce infringement of the '393 Patent. Further, on information and belief, the Sandoz Defendants plan and intend to, and will, do so immediately and imminently upon approval.

100. On information and belief, the Sandoz Defendants know that the Sandoz ANDA Product is especially made or adapted for use in infringing the '393 Patent, and that the Sandoz ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Sandoz Defendants plan and intend to, and will, contribute to infringement of the '393 Patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

101. The foregoing actions by the Sandoz Defendants constitutes and/or will constitute infringement of the '393 Patent, active inducement of infringement of the '393 Patent, and

contribution to the infringement of the '393 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

102.    The Sandoz Defendants filed Sandoz's ANDA without adequate justification for asserting that the '393 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Sandoz ANDA Product.  The Sandoz Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '393 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

103.    Unless the Sandoz Defendants are enjoined from infringing the '393 Patent and actively inducing and contributing to infringement of the '393 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Sandoz Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II — INFRINGEMENT OF THE '547 PATENT BY SANDOZ

104.    Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

105.    Claim 1 of the '547 Patent recites the following:

A method of treating Cushing's syndrome in a subject in need thereof, wherein the subject also has type 2 diabetes mellitus and is being co-administered metformin, or a pharmaceutically acceptable salt thereof, to improve glycemic control and wherein the subject has had previous surgery or radiation to treat the subject's Cushing syndrome, comprising:
  administering a therapeutically effective amount of levoketoconazole, or a
    pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein
    the therapeutically effective amount of levoketoconazole, or a pharmaceutically
    acceptable salt thereof, is determined via a titration scheme,
  during the levoketoconazole titration scheme, monitoring the subject for a dose
    limiting event wherein the dose limiting event is a decreased fasting glucose
    level, abnormal kidney function, and/or a low Vitamin B-12 level; and
  if the subject experiences a dose limiting event, reducing the amount of

24

metformin, or a pharmaceutically acceptable salt thereof, administered to the subject.

106.　On information and belief, the Sandoz ANDA Product is covered by one or more claims of the '547 Patent, including at least claim 1, because the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling involves treating Cushing's syndrome in adult patients who have had previous surgery or radiation to treat the subject's Cushing syndrome, who also have type 2 diabetes mellitus and are being co-administered metformin to improve glycemic control, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

107.　On information and belief, the use of the Sandoz ANDA Product in accordance with the Sandoz ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus. On information and belief, the Sandoz ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Sandoz ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Sandoz ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as

necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '547 Patent, and will therefore directly infringe those patents when they prescribe the Sandoz ANDA Product in accordance with the Sandoz ANDA Product proposed labeling.

108.    On information and belief, the Sandoz Defendants intend to sell the Sandoz ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '547 Patent.

109.    On information and belief, the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling will infringe at least claim 1 of the '547 Patent, either literally or under the doctrine of equivalents.

110.    On information and belief, the Sandoz Defendants submitted as part of Sandoz's ANDA a Paragraph IV Certification, asserting that the claims of the '547 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Sandoz ANDA Product.

111.    Sandoz Inc. did not contend or make noninfringement arguments for each claim in its Notice Letters that the Sandoz ANDA Product, or the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling would not infringe the claims of the '547 Patent.

112. The purpose of submitting Sandoz's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product prior to the expiration of the '547 Patent.

113. Sandoz Inc.'s submission of Sandoz's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Sandoz ANDA Product prior to the expiration of the '547 Patent was an act of infringement of the '547 Patent under 35 U.S.C. § 271(e)(2)(A).

114. On information and belief, the Sandoz Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Sandoz ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '547 Patent.

115. On information and belief, the Sandoz Defendants have knowledge of the '547 Patent at least because the '547 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Sandoz Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

116. The Sandoz Defendants had actual and constructive notice of the '547 Patent prior to submitting Sandoz's ANDA, and were aware that the submission of Sandoz's ANDA with the request for FDA approval prior to the expiration of the '547 Patent would constitute an act of infringement of the '547 Patent.

117. On information and belief, the Sandoz Defendants plan and intend to, and will, actively induce infringement of the '547 Patent when Sandoz's ANDA and any amendments

thereto are approved by selling the Sandoz ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '547 Patent, and will do so with specific intent to induce infringement of the '547 Patent. Further, on information and belief, the Sandoz Defendants plan and intend to, and will, do so immediately and imminently upon approval.

118.   On information and belief, the Sandoz Defendants know that the Sandoz ANDA Product is especially made or adapted for use in infringing the '547 Patent, and that the Sandoz ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Sandoz Defendants plan and intend to, and will, contribute to infringement of the '547 Patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

119.   The foregoing actions by the Sandoz Defendants constitutes and/or will constitute infringement of the '547 Patent, active inducement of infringement of the '547 Patent, and contribution to the infringement of the '547 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

120.   The Sandoz Defendants filed Sandoz's ANDA without adequate justification for asserting that the '547 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Sandoz ANDA Product. The Sandoz Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '547 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

121.   Unless the Sandoz Defendants are enjoined from infringing the '547 Patent and actively inducing and contributing to infringement of the '547 Patent, Plaintiffs will suffer

irreparable injury.  Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Sandoz Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT III — INFRINGEMENT OF THE '940 PATENT BY SANDOZ

122.    Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

123.    Claim 1 of the '940 Patent recites the following:

A method of treating persistent or recurrent Cushing's syndrome in a subject in need thereof, wherein the subject is being coadministered an organic cation transporter 2 (OCT2) substrate, or a pharmaceutically acceptable salt thereof, comprising:
  administering a therapeutically effective amount of levoketoconazole, or a
    pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein
    the therapeutically effective amount of levoketoconazole, or a pharmaceutically
    acceptable salt thereof, is determined via a titration scheme,
  during the levoketoconazole titration scheme, monitoring the subject for a dose
    limiting event, wherein the dose limiting event is due to increased exposure to
    the OCT2 substrate; and
  if the subject experiences a dose limiting event, reducing the amount of the OCT2
    substrate, or a pharmaceutically acceptable salt thereof, administered to the
    subject.

124.    On information and belief, the Sandoz ANDA Product is covered by one or more claims of the '940 Patent, including at least claim 1, because the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling involves treating persistent or recurrent Cushing's syndrome in adult patients who are being co-administered an organic cation transporter 2 (OCT2) substrate, such as metformin, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event due to increased exposure to the OCT2 substrate during the levoketoconazole titration scheme, and reducing the amount of the OCT2 substrate administered to the subject if the subject experiences a dose limiting event.

125.     On information and belief, the use of the Sandoz ANDA Product in accordance with the Sandoz ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus. On information and belief, the Sandoz ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Sandoz ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Sandoz ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '940 Patent, and will therefore directly infringe those patents when they prescribe the Sandoz ANDA Product in accordance with the Sandoz ANDA Product proposed labeling.

126.     On information and belief, the Sandoz Defendants intend to sell the Sandoz ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '940 Patent.

30

127. On information and belief, the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling will infringe at least claim 1 of the '940 Patent, either literally or under the doctrine of equivalents.

128. On information and belief, the Sandoz Defendants submitted as part of Sandoz's ANDA a Paragraph IV Certification, asserting that the claims of the '940 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Sandoz ANDA Product.

129. Sandoz Inc. did not contend or make noninfringement arguments for each claim in its Notice Letters that the Sandoz ANDA Product, or the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling would not infringe the claims of the '940 Patent.

130. The purpose of submitting Sandoz's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product prior to the expiration of the '940 Patent.

131. Sandoz Inc.'s submission of Sandoz's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Sandoz ANDA Product prior to the expiration of the '940 Patent was an act of infringement of the '940 Patent under 35 U.S.C. § 271(e)(2)(A).

132. On information and belief, the Sandoz Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Sandoz ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '940 Patent.

133.    On information and belief, the Sandoz Defendants have knowledge of the '940 Patent at least because the '940 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product.  Notwithstanding this knowledge, the Sandoz Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

134.    The Sandoz Defendants had actual and constructive notice of the '940 Patent prior to submitting Sandoz's ANDA, and were aware that the submissions of Sandoz's ANDA with the request for FDA approval prior to the expiration of the '940 Patent would constitute an act of infringement of the '940 Patent.

135.    On information and belief, the Sandoz Defendants plan and intend to, and will, actively induce infringement of the '940 Patent when Sandoz's ANDA and any amendments thereto are approved by selling the Sandoz ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '940 Patent, and will do so with specific intent to induce infringement of the '940 Patent.  Further, on information and belief, the Sandoz Defendants plan and intend to, and will, do so immediately and imminently upon approval.

136.    On information and belief, the Sandoz Defendants know that the Sandoz ANDA Product is especially made or adapted for use in infringing the '940 Patent, and that the Sandoz ANDA Product is not a staple article of commerce suitable for substantial noninfringing use.  On information and belief, the Sandoz Defendants plan and intend to, and will, contribute to infringement of the '940 Patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

137. The foregoing actions by the Sandoz Defendants constitutes and/or will constitute infringement of the '940 Patent, active inducement of infringement of the '940 Patent, and contribution to the infringement of the '940 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

138. The Sandoz Defendants filed Sandoz's ANDA without adequate justification for asserting that the '940 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Sandoz ANDA Product. The Sandoz Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '940 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

139. Unless the Sandoz Defendants are enjoined from infringing the '940 Patent and actively inducing and contributing to infringement of the '940 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Sandoz Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV — INFRINGEMENT OF THE '096 PATENT BY SANDOZ

140. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

141. Claim 1 of the '096 Patent recites the following:

A method of treating persistent or recurrent Cushing's syndrome in a subject in need thereof, wherein the subject is being coadministered a multidrug and toxin extrusion transporter 1 (MATE1) substrate, or a pharmaceutically acceptable salt thereof, comprising:
  administering a therapeutically effective amount of levoketoconazole, or a
    pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein
    the therapeutically effective amount of levoketoconazole, or a pharmaceutically
    acceptable salt thereof, is determined via a titration scheme;
  during the levoketoconazole titration scheme, monitoring the subject for a dose

33

limiting event, wherein the dose limiting event is due to increased exposure to the MATE1 substrate; and

if the subject experiences a dose limiting event, reducing the amount of the MATE1 substrate, or a pharmaceutically acceptable salt thereof, administered to the subject.

142.   On information and belief, the Sandoz ANDA Product is covered by one or more claims of the '096 Patent, including at least claim 1, because the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling involves treating persistent or recurrent Cushing's syndrome in adult patients who are being co-administered a multidrug and toxin extrusion transporter 1 (MATE1) substrate, such as metformin, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event due to increased exposure to the MATE1 substrate during the levoketoconazole titration scheme, and reducing the amount of the MATE1 substrate administered to the subject if the subject experiences a dose limiting event.

143.   On information and belief, the use of the Sandoz ANDA Product in accordance with the Sandoz ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus.  On information and belief, the Sandoz ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly.  On information and belief, when healthcare provider(s) prescribe the Sandoz ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage.  Patients who take the Sandoz ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the

treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary.  The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance.  Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '096 Patent, and will therefore directly infringe those patents when they prescribe the Sandoz ANDA Product in accordance with the Sandoz ANDA Product proposed labeling.

144.    On information and belief, the Sandoz Defendants intend to sell the Sandoz ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '096 Patent.

145.    On information and belief, the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling will infringe at least claim 1 of the '096 Patent, either literally or under the doctrine of equivalents.

146.    On information and belief, the Sandoz Defendants submitted as part of Sandoz's ANDA a Paragraph IV Certification, asserting that the claims of the '096 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Sandoz ANDA Product.

147.    Sandoz Inc. did not contend or make noninfringement arguments for each claim in its Notice Letters that the Sandoz ANDA Product, or the use of the Sandoz ANDA Product in accordance with and as directed by the Sandoz ANDA Product proposed labeling would not infringe the claims of the '096 Patent.

148. The purpose of submitting Sandoz's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product prior to the expiration of the '096 Patent.

149. Sandoz Inc.'s submission of Sandoz's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Sandoz ANDA Product prior to the expiration of the '096 Patent was an act of infringement of the '096 Patent under 35 U.S.C. § 271(e)(2)(A).

150. On information and belief, the Sandoz Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Sandoz ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '096 Patent.

151. On information and belief, the Sandoz Defendants have knowledge of the '096 Patent at least because the '096 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Sandoz Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Sandoz's ANDA and any amendments thereto.

152. The Sandoz Defendants had actual and constructive notice of the '096 Patent prior to submitting Sandoz's ANDA, and were aware that the submissions of Sandoz's ANDA with the request for FDA approval prior to the expiration of the '096 Patent would constitute an act of infringement of the '096 Patent.

153. On information and belief, the Sandoz Defendants plan and intend to, and will, actively induce infringement of the '096 Patent when Sandoz's ANDA and any amendments

thereto are approved by selling the Sandoz ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '096 Patent, and will do so with specific intent to induce infringement of the '096 Patent. Further, on information and belief, the Sandoz Defendants plan and intend to, and will, do so immediately and imminently upon approval.

154. On information and belief, the Sandoz Defendants know that the Sandoz ANDA Product is especially made or adapted for use in infringing the '096 Patent, and that the Sandoz ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Sandoz Defendants plan and intend to, and will, contribute to infringement of the '096 Patent immediately and imminently upon approval of Sandoz's ANDA and any amendments thereto.

155. The foregoing actions by the Sandoz Defendants constitutes and/or will constitute infringement of the '096 Patent, active inducement of infringement of the '096 Patent, and contribution to the infringement of the '096 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

156. The Sandoz Defendants filed Sandoz's ANDA without adequate justification for asserting that the '096 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Sandoz ANDA Product. The Sandoz Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '096 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

157. Unless the Sandoz Defendants are enjoined from infringing the '096 Patent and actively inducing and contributing to infringement of the '096 Patent, Plaintiffs will suffer

irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Sandoz Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT V — INFRINGEMENT OF THE '393 PATENT BY ZYDUS

158.   Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

159.   Claim 1 of the '393 Patent recites the following:

A method of treating persistent or recurrent Cushing's syndrome in a subject in need thereof, wherein the subject also has type 2 diabetes mellitus and is being co-administered metformin, or a pharmaceutically acceptable salt thereof, to improve glycemic control, comprising:
  administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, is determined via a titration scheme,
 during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event wherein the dose limiting event is a decreased fasting glucose level abnormal kidney function, and/or a low Vitamin B-12 level; and
 wherein if the subject does not tolerate the increased dose, the dose for the patient is equal to the difference between the further increased dose and the incremental value for the last cycle repetition.

160.   On information and belief, the Zydus ANDA Product is covered by one or more claims of the '393 Patent, including at least claim 1, because the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling involves treating persistent or recurrent Cushing's syndrome in adult patients who also have type 2 diabetes mellitus and are being co-administered metformin to improve glycemic control, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme,

and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

161. On information and belief, the use of the Zydus ANDA Product in accordance with the Zydus ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus. On information and belief, the Zydus ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Zydus ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Zydus ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '393 Patent, and will therefore directly infringe those patents when they prescribe the Zydus ANDA Product in accordance with the Zydus ANDA Product proposed labeling.

162. On information and belief, the Zydus Defendants intend to sell the Zydus ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '393 Patent.

163. On information and belief, the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling will infringe at least claim 1 of the '393 Patent, either literally or under the doctrine of equivalents.

164. On information and belief, the Zydus Defendants submitted as part of Zydus's ANDA a Paragraph IV Certification, asserting that the claims of the '393 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Zydus ANDA Product.

165. Zydus USA did not contend or make detailed noninfringement arguments for each claim in its Notice Letter that the Zydus ANDA Product, or the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling would not infringe the claims of the '393 Patent.

166. The purpose of submitting Zydus's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Zydus ANDA Product prior to the expiration of the '393 Patent.

167. The Zydus Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Zydus ANDA Product prior to the expiration of the '393 Patent was an act of infringement of the '393 Patent under 35 U.S.C. § 271(e)(2)(A).

168. On information and belief, the Zydus Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Zydus ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '393 Patent.

169. On information and belief, the Zydus Defendants have knowledge of the '393 Patent at least because the '393 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Zydus Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Zydus ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

170. The Zydus Defendants had actual and constructive notice of the '393 Patent prior to submitting Zydus's ANDA, and were aware that the submission of Zydus's ANDA with the request for FDA approval prior to the expiration of the '393 Patent would constitute an act of infringement of the '393 Patent.

171. On information and belief, the Zydus Defendants plan and intend to, and will, actively induce infringement of the '393 Patent when Zydus's ANDA and any amendments thereto are approved by selling the Zydus ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '393 Patent, and will do so with specific intent to induce infringement of the '393 Patent. Further, on information and belief, the Zydus Defendants plan and intend to, and will, do so immediately and imminently upon approval.

172. On information and belief, the Zydus Defendants know that the Zydus ANDA Product is especially made or adapted for use in infringing the '393 Patent, and that the Zydus ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Zydus Defendants plan and intend to, and will, contribute to infringement of the '393 Patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

41

173.    The foregoing actions by the Zydus Defendants constitutes and/or will constitute infringement of the '393 Patent, active inducement of infringement of the '393 Patent, and contribution to the infringement of the '393 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

174.    The Zydus Defendants filed Zydus's ANDA without adequate justification for asserting that the '393 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Zydus ANDA Product.  The Zydus Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '393 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

175.    Unless the Zydus Defendants are enjoined from infringing the '393 Patent and actively inducing and contributing to infringement of the '393 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Zydus Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

### COUNT VI — INFRINGEMENT OF THE '547 PATENT BY ZYDUS

176.    Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

177.    Claim 1 of the '547 Patent recites the following:

A method of treating Cushing's syndrome in a subject in need thereof, wherein the subject also has type 2 diabetes mellitus and is being co-administered metformin, or a pharmaceutically acceptable salt thereof, to improve glycemic control and wherein the subject has had previous surgery or radiation to treat the subject's Cushing syndrome, comprising:
administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, is determined via a titration scheme,

during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event wherein the dose limiting event is a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level; and

if the subject experiences a dose limiting event, reducing the amount of metformin, or a pharmaceutically acceptable salt thereof, administered to the subject.

178. On information and belief, the Zydus ANDA Product is covered by one or more claims of the '547 Patent, including at least claim 1, because the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling involves treating Cushing's syndrome in adult patients who have had previous surgery or radiation to treat the subject's Cushing syndrome, who also have type 2 diabetes mellitus and are being co-administered metformin to improve glycemic control, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

179. On information and belief, the use of the Zydus ANDA Product in accordance with the Zydus ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus. On information and belief, the Zydus ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Zydus ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Zydus ANDA Product will do so under the

direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '547 Patent, and will therefore directly infringe those patents when they prescribe the Zydus ANDA Product in accordance with the Zydus ANDA Product proposed labeling.

180. On information and belief, the Zydus Defendants intend to sell the Zydus ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '547 Patent.

181. On information and belief, the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling will infringe at least claim 1 of the '547 Patent, either literally or under the doctrine of equivalents.

182. On information and belief, the Zydus Defendants submitted as part of Zydus's ANDA a Paragraph IV Certification, asserting that the claims of the '547 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Zydus ANDA Product.

183. Zydus USA did not contend or make detailed noninfringement arguments for each claim in its Notice Letter that the Zydus ANDA Product, or the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling would not infringe the claims of the '547 Patent.

44

184. The purpose of submitting Zydus's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Zydus ANDA Product prior to the expiration of the '547 Patent.

185. The Zydus Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Zydus ANDA Product prior to the expiration of the '547 Patent was an act of infringement of the '547 Patent under 35 U.S.C. § 271(e)(2)(A).

186. On information and belief, the Zydus Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Zydus ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '547 Patent.

187. On information and belief, the Zydus Defendants have knowledge of the '547 Patent at least because the '547 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Zydus Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Zydus ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

188. The Zydus Defendants had actual and constructive notice of the '547 Patent prior to submitting Zydus's ANDA, and were aware that the submission of Zydus's ANDA with the request for FDA approval prior to the expiration of the '547 Patent would constitute an act of infringement of the '547 Patent.

189. On information and belief, the Zydus Defendants plan and intend to, and will, actively induce infringement of the '547 Patent when Zydus's ANDA and any amendments thereto

45

are approved by selling the Zydus ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '547 Patent, and will do so with specific intent to induce infringement of the '547 Patent. Further, on information and belief, the Zydus Defendants plan and intend to, and will, do so immediately and imminently upon approval.

190. On information and belief, the Zydus Defendants know that the Zydus ANDA Product is especially made or adapted for use in infringing the '547 Patent, and that the Zydus ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Zydus Defendants plan and intend to, and will, contribute to infringement of the '547 Patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

191. The foregoing actions by the Zydus Defendants constitutes and/or will constitute infringement of the '547 Patent, active inducement of infringement of the '547 Patent, and contribution to the infringement of the '547 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

192. The Zydus Defendants filed Zydus's ANDA without adequate justification for asserting that the '547 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Zydus ANDA Product. The Zydus Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '547 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

193. Unless the Zydus Defendants are enjoined from infringing the '547 Patent and actively inducing and contributing to infringement of the '547 Patent, Plaintiffs will suffer

46

irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Zydus Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VII — INFRINGEMENT OF THE '940 PATENT BY ZYDUS

194. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

195. Claim 1 of the '940 Patent recites the following:

A method of treating persistent or recurrent Cushing's syndrome in a subject in need thereof, wherein the subject is being coadministered an organic cation transporter 2 (OCT2) substrate, or a pharmaceutically acceptable salt thereof, comprising:
  administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, is determined via a titration scheme,
  during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event, wherein the dose limiting event is due to increased exposure to the OCT2 substrate; and
  if the subject experiences a dose limiting event, reducing the amount of the OCT2 substrate, or a pharmaceutically acceptable salt thereof, administered to the subject.

196. On information and belief, the Zydus ANDA Product is covered by one or more claims of the '940 Patent, including at least claim 1, because the use of the Zydus ANDA Product in accordance with and as directed by Zydus's proposed labeling involves treating persistent or recurrent Cushing's syndrome in adult patients who are being co-administered an organic cation transporter 2 (OCT2) substrate, such as metformin, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event due to increased exposure to the OCT2 substrate during the levoketoconazole titration scheme, and reducing the amount of the OCT2 substrate administered to the subject if the subject experiences a dose limiting event.

47

197.    On information and belief, the use of the Zydus ANDA Product in accordance with the Zydus ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus.  On information and belief, the Zydus ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly.  On information and belief, when healthcare provider(s) prescribe the Zydus ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage.  Patients who take the Zydus ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary.  The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance.  Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '940 Patent, and will therefore directly infringe those patents when they prescribe the Zydus ANDA Product in accordance with the Zydus ANDA Product proposed labeling.

198.    On information and belief, the Zydus Defendants intend to sell the Zydus ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '940 Patent.

48

199. On information and belief, the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling will infringe at least claim 1 of the '940 Patent, either literally or under the doctrine of equivalents.

200. On information and belief, the Zydus Defendants submitted as part of Zydus's ANDA a Paragraph IV Certification, asserting that the claims of the '940 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Zydus ANDA Product.

201. Zydus USA did not contend or make detailed noninfringement arguments for each claim in its Notice Letter that the Zydus ANDA Product, or the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling would not infringe the claims of the '940 Patent.

202. The purpose of submitting Zydus's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Zydus ANDA Product prior to the expiration of the '940 Patent.

203. The Zydus Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Zydus ANDA Product prior to the expiration of the '940 Patent was an act of infringement of the '940 Patent under 35 U.S.C. § 271(e)(2)(A).

204. On information and belief, the Zydus Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Zydus ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '940 Patent.

205. On information and belief, the Zydus Defendants have knowledge of the '940 Patent at least because the '940 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Zydus Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Zydus ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

206. The Zydus Defendants had actual and constructive notice of the '940 Patent prior to submitting Zydus's ANDA, and were aware that the submission of Zydus's ANDA with the request for FDA approval prior to the expiration of the '940 Patent would constitute an act of infringement of the '940 Patent.

207. On information and belief, the Zydus Defendants plan and intend to, and will, actively induce infringement of the '940 Patent when Zydus's ANDA and any amendments thereto are approved by selling the Zydus ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '940 Patent, and will do so with specific intent to induce infringement of the '940 Patent. Further, on information and belief, the Zydus Defendants plan and intend to, and will, do so immediately and imminently upon approval.

208. On information and belief, the Zydus Defendants know that the Zydus ANDA Product is especially made or adapted for use in infringing the '940 Patent, and that the Zydus ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Zydus Defendants plan and intend to, and will, contribute to infringement of the '940 Patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

209. The foregoing actions by the Zydus Defendants constitutes and/or will constitute infringement of the '940 Patent, active inducement of infringement of the '940 Patent, and contribution to the infringement of the '940 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

210. The Zydus Defendants filed Zydus's ANDA without adequate justification for asserting that the '940 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Zydus ANDA Product. The Zydus Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '940 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

211. Unless the Zydus Defendants are enjoined from infringing the '940 Patent and actively inducing and contributing to infringement of the '940 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Zydus Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VIII — INFRINGEMENT OF THE '096 PATENT BY ZYDUS

212. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

213. Claim 1 of the '096 Patent recites the following:

A method of treating persistent or recurrent Cushing's syndrome in a subject in need thereof, wherein the subject is being coadministered a multidrug and toxin extrusion transporter 1 (MATE1) substrate, or a pharmaceutically acceptable salt thereof, comprising:
  administering a therapeutically effective amount of levoketoconazole, or a
    pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein
    the therapeutically effective amount of levoketoconazole, or a pharmaceutically
    acceptable salt thereof, is determined via a titration scheme;
  during the levoketoconazole titration scheme, monitoring the subject for a dose

51

limiting event, wherein the dose limiting event is due to increased exposure to the MATE1 substrate; and

if the subject experiences a dose limiting event, reducing the amount of the MATE1 substrate, or a pharmaceutically acceptable salt thereof, administered to the subject.

214.    On information and belief, the Zydus ANDA Product is covered by one or more claims of the '096 Patent, including at least claim 1, because the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling involves treating persistent or recurrent Cushing's syndrome in adult patients who are being co-administered a multidrug and toxin extrusion transporter 1 (MATE1) substrate, such as metformin, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event due to increased exposure to the MATE1 substrate during the levoketoconazole titration scheme, and reducing the amount of the MATE1 substrate administered to the subject if the subject experiences a dose limiting event.

215.    On information and belief, the use of the Zydus ANDA Product in accordance with the Zydus ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus.  On information and belief, the Zydus ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly.  On information and belief, when healthcare provider(s) prescribe the Zydus ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage.  Patients who take the Zydus ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment

52

regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '096 Patent, and will therefore directly infringe those patents when they prescribe the Zydus ANDA Product in accordance with the Zydus ANDA Product proposed labeling.

216. On information and belief, the Zydus Defendants intend to sell the Zydus ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '096 Patent.

217. On information and belief, the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling will infringe at least claim 1 of the '096 Patent, either literally or under the doctrine of equivalents.

218. On information and belief, the Zydus Defendants submitted as part of Zydus's ANDA a Paragraph IV Certification, asserting that the claims of the '096 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Zydus ANDA Product.

219. Zydus USA did not contend or make detailed noninfringement arguments for each claim in its Notice Letter that the Zydus ANDA Product, or the use of the Zydus ANDA Product in accordance with and as directed by the Zydus ANDA Product proposed labeling would not infringe the claims of the '096 Patent.

220. The purpose of submitting Zydus's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Zydus ANDA Product prior to the expiration of the '096 Patent.

221. The Zydus Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Zydus ANDA Product prior to the expiration of the '096 Patent was an act of infringement of the '096 Patent under 35 U.S.C. § 271(e)(2)(A).

222. On information and belief, the Zydus Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Zydus ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '096 Patent.

223. On information and belief, the Zydus Defendants have knowledge of the '096 Patent at least because the '096 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product.  Notwithstanding this knowledge, the Zydus Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Zydus ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

224. The Zydus Defendants had actual and constructive notice of the '096 Patent prior to submitting Zydus's ANDA, and were aware that the submission of Zydus's ANDA with the request for FDA approval prior to the expiration of the '096 Patent would constitute an act of infringement of the '096 Patent.

225. On information and belief, the Zydus Defendants plan and intend to, and will, actively induce infringement of the '096 Patent when Zydus's ANDA and any amendments thereto

are approved by selling the Zydus ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '096 Patent, and will do so with specific intent to induce infringement of the '096 Patent. Further, on information and belief, the Zydus Defendants plan and intend to, and will, do so immediately and imminently upon approval.

226. On information and belief, the Zydus Defendants know that the Zydus ANDA Product is especially made or adapted for use in infringing the '096 Patent, and that the Zydus ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Zydus Defendants plan and intend to, and will, contribute to infringement of the '096 Patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

227. The foregoing actions by the Zydus Defendants constitutes and/or will constitute infringement of the '096 Patent, active inducement of infringement of the '096 Patent, and contribution to the infringement of the '096 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

228. The Zydus Defendants filed Zydus's ANDA without adequate justification for asserting that the '096 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Zydus ANDA Product. The Zydus Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '096 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

229. Unless the Zydus Defendants are enjoined from infringing the '096 Patent and actively inducing and contributing to infringement of the '096 Patent, Plaintiffs will suffer

55

irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Zydus Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)    A judgment that the Sandoz Defendants' submission of ANDA No. 220804 to FDA was an act of infringement of one or more claims of the Asserted Patents;

(b)    A judgment that the Sandoz Defendants' making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Sandoz ANDA Product prior to the expiration of the Asserted Patents will infringe, will actively induce infringement, and/or will contribute to infringement of one or more claims of the Asserted Patents pursuant to 35 U.S.C. § 271(b), and/or (c);

(c)    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval for the Sandoz Defendants to make, use, offer for sale, sell, market, distribute, or import the Sandoz ANDA Product, or any product the use of which infringes the Asserted Patents, be not earlier than the expiration date of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) enjoining the Sandoz Defendants, Sandoz Defendants' affiliates and subsidiaries, each of their officers, agents, servants and employees, and any person acting in concert with the Sandoz Defendants, from making, using, selling, offering to sell, marketing, distributing, or importing the Sandoz ANDA Product, or any product the use of which infringes the Asserted Patents, or the inducement of any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s) and additional

period(s) of exclusivity;

(e)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if the Sandoz Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sandoz ANDA Product, or any product that infringes the Asserted Patents, or induce or contribute to such conduct prior to expiration of the Asserted Patents including any additional exclusivity period applicable to those patents;

(f)     A judgment that the Zydus Defendants' submission of ANDA No. 220935 to FDA was an act of infringement of one or more claims of the Asserted Patents;

(g)     A judgment that the Zydus Defendants' making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Zydus ANDA Product prior to the expiration of the Asserted Patents will infringe, will actively induce infringement, and/or will contribute to infringement of one or more claims of the Asserted Patents pursuant to 35 U.S.C. § 271(b), and/or (c);

(h)     An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval for the Zydus Defendants to make, use, offer for sale, sell, market, distribute, or import the Zydus ANDA Product, or any product the use of which infringes the Asserted Patents, be not earlier than the expiration date of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(i)     A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) enjoining the Zydus Defendants, Zydus Defendants' affiliates and subsidiaries, each of their officers, agents, servants and employees, and any person acting in concert with the Zydus Defendants, from making, using, selling, offering to sell, marketing, distributing, or importing the Zydus ANDA Product, or any product the use of which infringes the Asserted Patents, or the inducement of any of the foregoing,

prior to the expiration date of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(j)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if the Zydus Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Product, or any product that infringes the Asserted Patents, or induce or contribute to such conduct prior to expiration of the patents including any additional exclusivity period applicable to those patents;

(k)    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(l)    An award of Plaintiffs' costs and expenses in this action; and

(m)    Such further and other relief as this Court may deem just and proper.

Date: March 20, 2026

FBT GIBBONS LLP

OF COUNSEL:

David P. Frazier
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Shelby C. Yuan
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7606

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

/s/*Charles H. Chevalier*
Charles H. Chevalier
Michael V. Caracappa
Magnolia S. Joodi
One Gateway Center
Newark, New Jersey 07102
Phone: (973) 596-4701
Fax: (973) 639-6294
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Plaintiffs Xeris
Pharmaceuticals, Inc. and Strongbridge
Dublin Limited*

58

*Attorneys for Plaintiffs Xeris Pharmaceuticals, Inc. and Strongbridge Dublin Limited*